```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,            :
                                     :    09 CR 341 (VM)
                                     :
         - against -                 :    ORDER
                                     :
JOSE PENA,                           :
                                     :
                      Defendant.     :
-------------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

After a trial ending on October 29, 2013, Jose Pena ("Pena") was convicted of one count of conspiracy to commit murder-for-hire, in violation of 18 U.S.C. Section 1958 ("Count Four"); two counts of murder-for-hire, in violation of 18 U.S.C. Section 1958 ("Counts Five and Six"); and two counts of use of a firearm to commit murder during a crime of violence (that is, the conspiracy charged in Count Four), in violation of 18 U.S.C. Section 924(j) ("Counts Seven and Eight"). (See Dkt. No. 315; Minute Entry dated 10/29/2013.) Pena subsequently moved to vacate his convictions on Counts Seven and Eight pursuant to United States v. Davis, 139 S.Ct. 2319 (2019), pending the Second Circuit's grant of leave to file a second or successive motion under 28 U.S.C. Section 2255. (See Dkt. Nos. 417, 430.) The Second Circuit granted Pena the requested leave by Order dated June 22, 2020. (See Dkt. No. 433.)

The Government now concedes that Pena's convictions on Counts Seven and Eight cannot stand. Both counts were predicated on the conspiracy charged in Count Four, which qualifies as a predicate "crime of violence" only under the residual clause of 18 U.S.C. Section 924 that was held unconstitutionally vague in <u>Davis</u>. (<u>See</u> Dkt. No. 437 at 1-2.) Accordingly, the Court will GRANT Pena's motion to vacate his convictions on Counts Seven and Eight. Because vacatur of Counts Seven and Eight will not affect Pena's other convictions, each of which carries a mandatory term of life imprisonment, the Court concludes that a full re-sentencing is not warranted. <u>See</u> <u>United States v. Gordils</u>, 117 F.3d 99, 104 (2d Cir. 1997) (finding that full resentencing may be appropriate "in the context of a 'truly interdependent' sentence"); <u>United States v. Massa</u>, No. 00 CR 1118, Dkt. No. 809 (S.D.N.Y. Apr. 15, 2020). Instead, the Court now amends the Judgment to reflect sentences of life imprisonment on each of Counts Four, Five, and Six, to run concurrently.

**SO ORDERED.**

Dated:   New York, New York
         6 July 2020

_____
Victor Marrero
U.S.D.J.

2