```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
                                    :            09 CR 341(VM)
         -against-                  :         DECISION AND ORDER
                                    :
JOSE PEÑA,                          :
                                    :
              Defendant.            :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2020

**VICTOR MARRERO, U.S.D.J.:**

On October 29, 2013, defendant Jose Peña ("Peña") was convicted after trial of one count of conspiracy to commit murder-for-hire, in violation of 18 U.S.C. § 1958 ("Count Four"); two counts of murder-for-hire, in violation of 18 U.S.C. § 1958 ("Counts Five and Six"); and two counts of use of a firearm to commit murder during a crime of violence (specifically, the conspiracy charged in Count Four), in violation of 18 U.S.C. § 924(j) ("Counts Seven and Eight"). (See Dkt. No. 315; Minute Entry dated 10/29/2013.)

Peña moved to vacate his convictions on Counts Seven and Eight pursuant to United States v. Davis, 139 S. Ct. 2319 (2019), pending the Second Circuit's grant of leave to file a motion under 28 U.S.C. § 2255. (See Dkt. Nos. 417, 430.) On June 22, 2020, the Second Circuit granted Peña the requested leave and transferred the proceeding back to this Court to determine, upon further review, the validity of Peña's Section 924(j) convictions. (See Dkt. No. 433.)

1

On July 6, 2020, this Court found that Peña's convictions on Counts Seven and Eight were invalid under Davis. (See "July 6 Order," Dkt. No. 438.) Counts Seven and Eight were predicated on the conspiracy charged in Count Four, which qualified as a predicate "crime of violence" under only the residual clause of 18 U.S.C. § 924. But that clause was held to be unconstitutionally vague in Davis. Accordingly, that same day the Court issued an amended judgment vacating Counts Seven and Eight. (See Dkt. No. 439.) However, because vacatur of those counts did not affect Peña's sentences of mandatory life imprisonment on each of Counts Four, Five, and Six, the Court declined to hold a full resentencing.

Now before the Court is Peña's motion for reconsideration of the July 6 Order. (See "Motion," Dkt. No. 442.) The Court also received an opposition letter from the Government (Dkt. No. 446) and a reply letter in further support of the Motion from Peña (Dkt. No. 448). For the reasons set forth below, the Motion is DENIED. The Court also denies Peña's alternative request to hold the matter in abeyance pending further briefing for the same reasons.

Reconsideration is "an extraordinary remedy to be employed sparingly." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). As the Second Circuit has explained, the standard for granting a

motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

Here, Peña primarily argues that the Court erred when it declined to hold a *de novo* resentencing, which he insists is the required remedy for a conviction error. In opposition, the Government argues that plenary resentencing is not always required in this context and was not required here because the sentences on Counts Four, Five, and Six were not affected by the now-vacated Counts Seven and Eight.

3

The Court finds that reconsideration of its prior determination -- that full resentencing is not required -- is unwarranted because Peña has not set forth "an intervening change of controlling law," Virgin Atl. Airways, 956 F.2d at 1255, or "controlling decisions . . . that the court overlooked," Shrader, 70 F.3d at 257. Nonetheless, the Court will briefly address Peña's arguments.

Peña correctly points out that the Court is authorized to hold a full resentencing when a conviction is vacated. But contrary to Peña's assertions, it is not categorically required to do so. See United States v. Gordils, 117 F.3d 99, 103 (2d Cir. 1997) (holding that "the language of § 2255 provides sufficient statutory authority for a district court to exercise its jurisdiction to resentence defendants 'as may appear appropriate'"). The default rule requiring *de novo* resentencing established in United States v. Rigas, 583 F.3d 108 (2d Cir. 2009), was expressly limited to instances in which a conviction was overturned on direct appeal. That rule does not apply in the Section 2255 context. See Ayyad v. United States, No. 16 Civ. 4346, 2020 WL 5018163, at *2 (S.D.N.Y. Aug. 24, 2020) ("A default rule requiring that the district court hold a *de novo* resentencing each and every time a defendant successfully challenges at least one count of a multi-count conviction would be in tension with the

4

narrow scope of Section 2255."). Moreover, even if the rule applied in this context, the Second Circuit has recognized an exception to the default rule when, as here, "the defendant has already received, as his or her sentence on an upheld count of conviction, a mandatory minimum sentence," and resentencing would be "strictly ministerial." United States v. Powers, 842 F.3d 177, 180 (2d Cir. 2016).

Peña further contends that because the issue of whether "death resulted" from Counts Four, Five, and Six was omitted from the jury instructions, the jury did not make the factual findings necessary to trigger the mandatory minimums. Thus, he argues, none of these counts actually carried the mandatory life sentences the Court imposed. The Government contends, however, that the jury's findings and the overwhelming trial evidence together render harmless the failure to instruct the jury regarding this aggravating factor. In response, Peña argues that the Motion does not claim error -- harmless or otherwise -- and instead urges only that, during a *de novo* resentencing, the Court would be compelled to sentence Peña on his Section 1958 offenses to ten-year maximums without regard to any aggravating factors, rather than the three life sentences the Court imposed.

The Court is not persuaded. First, the Court previously considered and rejected essentially the same argument, and

5

Peña offers no basis to reconsider its prior determination now. Peña's initial Section 2255 petition argued ineffective assistance of counsel in part based on trial counsel's failure to challenge the omission of a jury instruction on the "death resulted" aggravating factor. But the Court rejected that argument, finding that in convicting Peña on Counts Seven and Eight, the jury necessarily found that Peña was a "'substantial factor in causing the victim's death' and also that the victim was in fact murdered," *i.e.*, that death resulted. (See Dkt. 371 at 23-24.) Indeed, the jury could not have convicted Peña on Counts Seven and Eight without finding that death resulted from the alleged conduct. Peña does not present any data, newly available evidence, or overlooked and controlling law that "might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257; Virgin Atl. Airways, 956 F.2d at 1255.

Nor does the invalidation of Counts Seven and Eight -- based on the unconstitutionally vague residual clause of Section 924 -- alter the Court's previous finding that upon conviction of Counts Seven and Eight, the jury necessarily found that death had resulted, triggering the mandatory life sentence minimums despite the omitted instruction. See, e.g., United States v. Ventura, 742 F. App'x 575, 580 (2d Cir. 2018).

For the foregoing reasons, it is hereby **ORDERED** that defendant Jose Peña's motion for reconsideration is DENIED.

**SO ORDERED.**

Dated: New York, New York
17 December 2020

_____
Victor Marrero
U.S.D.J.