UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2024
```

JOSE PENA,

                          Movant,

              -against-

UNITED STATES OF AMERICA,

                          Respondent.

24-CV-1266 (VM)

09-CR-0341-1 (VM)

ORDER TO FILE AMENDED
MOTION UNDER 28 U.S.C. § 2255

VICTOR MARRERO, United States District Judge:

Movant, who is currently incarcerated at FCI Coleman, in Coleman, Florida, was convicted of offenses under 18 U.S.C. § 924(j) (murder through use of a firearm during a crime of violence), and Section 1958 (use of interstate commerce in murder-for-hire, and conspiracy to use interstate commerce in murder-for-hire). On December 19, 2014, the Court sentenced Movant to concurrent life sentences, and the United States Court of Appeals for the Second Circuit affirmed the conviction. *See United States v. Pena*, No. 15-0119-cr (2d Cir. June 20, 2016). On June 7, 2016, Movant filed a motion to vacate, set aside, or otherwise correct his conviction and sentence, pursuant to 28 U.S.C. § 2255, and by decision and order dated June 27, 2016, the Court denied the motion. *See Pena v. United States*, No. 16-CV-4261 (VM) (S.D.N.Y. June 27, 2016).

Movant filed subsequent motions and appeals, and on June 22, 2020, the Second Circuit granted Movant permission to file a second and successive Section 2255 motion. *See United States v. Pena*, 20-144 (2d Cir. June 22, 2020). On July 6, 2020, the Court granted Movant's motion in part, granting his motion to vacate his convictions on counts seven and eight, (ECF No. 438), and the Court filed an amended judgment on the same date, (ECF No. 439). Movant filed a notice of appeal on December 18, 2020, and on March 13, 2023, the amended judgment was affirmed. (ECF No. 467.)

Movant subsequently filed a motion seeking permission to file a second and successive Section 2255 motion, and by order dated January 8, 2024, the Second Circuit denied the motion as unnecessary because Movant had not filed a prior Section 2255 motion challenging the amended judgment. *See United States v. Pena*, No. 23-7758 (2d Cir. Jan. 8, 2024). The Second Circuit therefore directed Movant to present the district court with the Section 2255 claims challenging the amended judgment. *Id.*

On February 12, 2024, Movant filed a document titled, "Notice of Appeal," notifying the Court of his intention to file a motion for relief under 28 U.S.C. § 2255 and requesting that the court send Movant the appropriate forms and a copy of the Local Rule and the Rules Governing Section 2255 cases, and the Clerk of Court opened this submission as a Motion under 28 U.S.C. § 2255, and assigned the above referenced docket number, 24-CV-1266, to this action. For the following reasons, the Court directs (1) the Clerk of Court to send Movant the instructions and forms for filing an Amended Motion Under 28 U.S.C. § 2255, and (2) Movant to file an amended Section 2255 motion within sixty days of the date of this order.

## STANDARD OF REVIEW

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his conviction or sentence on the grounds that it violates the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion before directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

A movant who files an application to vacate, set aside, or correct a sentence must submit a motion that conforms to the Rules Governing Section 2255 Cases. Rule 2(b) requires a motion to specify all of a movant's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A motion must permit the Court and Respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the motion may be adjudicated.[1]

Here, Movant's submission, wherein he requests the forms to file a Section 2255 motion, which was opened as a Section 2255 motion, does not provide the grounds for relief and the facts supporting his grounds for relief. Moreover, Movant does not state the relief that he is requesting. The submission therefore fails to comply with Rule 2(b).

Because Movant has only one opportunity to bring a Section 2255 motion asserting all of the grounds on which he seeks relief from the amended judgment, the Court grants Movant an opportunity to file an amended Section 2255 motion. In the amended Section 2255 motion, Movant must provide the grounds for relief and the facts supporting his grounds, so that the issues can be adjudicated.

---

[1] Rule 2(c) requires that the motion must substantially follow a standard form, such as the form provided by this court.

**CONCLUSION**

Movant is directed to file an amended motion under 28 U.S.C. § 2255 containing the information specified above. The amended motion must be submitted to this court's Pro Se Intake Unit within sixty days of the date of this order, be captioned as an "Amended Motion," and bear the same docket number as this order. An Amended Motion Under 28 U.S.C. § 2255 form, and the instructions for completing this form, are attached to this order, which Movant should complete as specified above. If Movant fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the motion will be denied.

No answer shall be required at this time. If Movant complies with this order, the amended motion will be reviewed for substantive sufficiency, and then, if proper, the Government will be ordered to respond to the motion. If Movant fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the motion will be denied.

Because Movant has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 28, 2024
          New York, New York

                                              _____
                                                    Victor Marrero
                                                       U.S.D.J.

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original to the Clerk of the United States District Court at this address:

   Daniel Patrick Moynihan U.S. Courthouse
   500 Pearl Street
   New York, NY 10007

9. **CAUTION: You must include in this motion *all* the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

Page 2

AMENDED   **MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **United States District Court** | District |
|---|---|
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement: | Prisoner No.: |
| UNITED STATES OF AMERICA                                  Movant (include name under which you were convicted) v. | |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. Nature of crime (all counts):

5. (a) What was your plea? (Check one)

   (1)   Not guilty ❑            (2)   Guilty ❑            (3)   Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ❑        Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ❑          No ❑

8.  Did you appeal from the judgment of conviction?                          Yes ❑          No ❑

9.  If you did appeal, answer the following:

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ❑    No ❑

       If "Yes," answer the following:

       (1) Docket or case number (if you know):

       (2) Result:

       (3) Date of result (if you know):

       (4) Citation to the case (if you know):

       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

      Yes ❑    No ❑

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court:

       (2) Docket or case number (if you know):

       (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or
application?     Yes ❏   No ❏

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or
application?     Yes ❏   No ❏

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your
motion, petition, or application?

(1)  First petition:      Yes ❏   No ❏

(2)  Second petition:     Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly
why you did not:

12.  For this motion, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States.  Attach additional pages if you have more
than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ❏

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO**:


(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR**:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ❑   No ❑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?       Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       Yes ❑ No ❑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

   must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not

   bar your motion.\*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:

   A one-year period of limitation shall apply to a motion under this section.  The limitation period
   shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in
      violation of the Constitution or laws of the United States is removed, if the movant was
      prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if
      that right has been newly recognized by the Supreme Court and made retroactively
      applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been
      discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:


or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.