USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _5/14/24_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSE PEÑA,

                    Movant,

          - against -

UNITED STATES OF AMERICA,

                    Respondent.

---

**24 Civ. 1266 (VM)**
**09 Cr. 341 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

        Before the Court are motions filed by Jose Peña ("Peña"), defendant in No. 09 Cr. 341, for appointment of counsel under 18 U.S.C. § 3006A and to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Section 2255").[1] For the reasons stated below, the motions are denied.

## I.    BACKGROUND

### A.    THE UNDERLYING CRIMINAL CASE

        In 2013, Peña was charged in five counts of an eight-count indictment in connection with the killings of Jose Suarez ("Suarez") and Juan Carmona ("Carmona"). See United States v. Peña, 58 F.4th 613, 615 (2d Cir. 2023). Count Four charged him with conspiracy to commit murder for hire in

---

[1] The motions were filed both in this civil Section 2255 matter (No. 24 Civ. 1266) and in the underlying criminal case (No. 09 Cr. 341). The motion for appointment of counsel is filed at Docket No. 478 in the criminal matter and Docket No. 4 in the civil matter. The Section 2255 motion is filed at Docket No. 477 in the criminal matter and Docket No. 3 in the civil matter.

violation of 18 U.S.C. § 1958. See id. at 615-16. Counts Five and Six charged Peña with murder for hire in violation of the same statute for the killings of Suarez and Carmona. See id. at 616. Counts Seven and Eight charged him with using a firearm to commit murder for the killings of Suarez and Carmona in violation of 18 U.S.C. § 924(j). See id.

After a trial, a jury convicted Peña on all five counts. See id. The Court sentenced Peña to five concurrent terms of life imprisonment and entered judgment on December 19, 2014. See id. at 616-17. The Second Circuit affirmed the judgment in 2016. See id. at 617. Later that year, Peña moved under Section 2255 to vacate his convictions on several grounds, including ineffective assistance of counsel, and the Court denied the motion. See id. In 2019, the Second Circuit denied Peña's motion for a certificate of appealability. See id.

B.   THE AMENDED JUDGMENT

In 2020, Peña moved in the Second Circuit for permission to file another Section 2255 motion in the wake of the Supreme Court's decision in United States v. Davis, 588 U.S. 445 (2019). See Peña, 58 F.4th at 617. The Second Circuit granted that motion. See id. After the Government agreed that Peña's convictions on Counts Seven and Eight could not withstand the ruling in Davis, the Court granted Peña's motion to vacate

his convictions on those counts. <u>See</u> <u>id.</u> The Court, however, ruled that a full resentencing was unnecessary because Peña's other convictions on Counts Four, Five, and Six each carried a mandatory term of life imprisonment, and thus Peña's sentence would not change. <u>See</u> <u>id.</u> The Court entered an amended judgment on July 6, 2020.

Peña moved for reconsideration, arguing that de novo resentencing was mandatory because the Court had given certain erroneous jury instructions. <u>See</u> <u>id.</u> at 617-18. The Court denied the motion for reconsideration, and Peña appealed. <u>See</u> <u>id.</u> at 618. In an opinion issued December 13, 2022 and amended January 27, 2023, the Second Circuit affirmed the amended judgment and the order denying Peña's motion for reconsideration, holding that de novo resentencing was not mandatory and that the erroneous jury instructions qualified as harmless error. <u>See</u> <u>id.</u> at 618-23.

C.   <u>THE INSTANT MOTION</u>

In December 2023, Peña moved in the Second Circuit for permission to file a successive Section 2255 motion. (<u>See</u> No. 09 Cr. 341 [hereinafter "Crim."] Dkt. No. 474.) In January 2024, the Second Circuit held that Peña's motion was unnecessary because the proposed Section 2255 motion would not be successive in light of the amended judgment. (<u>See</u> <u>id.</u>)

The Second Circuit advised Peña to present "all § 2255 claims challenging the amended judgment." (Id. at 2.)

Peña then filed the instant Section 2255 motion. (See Crim. Dkt. No. 477; No. 24 Civ. 1266 [hereinafter "Civ."] Dkt. No. 3.) He also moves for appointment of counsel. (See Crim. Dkt. No. 478; Civ. Dkt. No. 4.)[2]

## II.   LEGAL STANDARD

The Court notes at the outset that Peña is a pro se litigant. His submissions thus must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980)). The Court must construe Peña's submissions "liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v.

---

[2] On the civil docket, Peña filed his motion papers a second time. (See Civ. Dkt. Nos. 5-8.) These filings are substantially identical to his first round of filings. For completeness's sake, the Court briefly recounts the full procedural history. The Clerk of Court originally opened civil matter No. 24 Civ. 1266 upon receiving a document from Peña that stated his intent to file a Section 2255 motion and requested that he be sent "the appropriate district court motion forms." (Civ. Dkt. No. 1.) The Clerk of Court construed this document as a Section 2255 motion. In response, the Court on February 28, 2024 directed that Peña be sent the instructions and forms for filing his contemplated motion and that Peña file an "amended" motion within sixty days. (Civ. Dkt. No. 2 at 2.) Peña's first round of motion papers were filed on March 5, 2024 (see Civ. Dkt. Nos. 3-4). The Court suspects that when Peña sent his first round of papers, he had not yet received the Court's February 28 order, which would explain why he filed the papers again, substantially in the same form but with slight alterations to comply with the February 28 order, on March 19, 2024 (see Civ. Dkt. Nos. 5-8). Because there are no substantive differences between the two rounds of motion papers, this Decision and Order applies to both.

Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v.
Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, pro
se status "does not exempt a party from compliance with
relevant rules of procedural and substantive law." Boddie v.
N.Y. State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y.
2003) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.
1983)).

A.   APPOINTMENT OF COUNSEL

     Peña asks the Court to appoint him an attorney pursuant
to 18 U.S.C. § 3006A in connection with his Section 2255
motion. (See Crim. Dkt. No. 478; Civ. Dkt. No. 4.) Generally,
a defendant's "constitutional right to counsel 'extends to
the first appeal of right, and no further.'" United States v.
Diaz, No. 16 Cr. 719, 2022 WL 3020145, at *4 (S.D.N.Y. July
28, 2022) (quoting United States v. Fleming, 5 F.4th 189, 193
(2d Cir. 2021)). And while a defendant's right to counsel
"may extend to certain 'ancillary matters,' 18 U.S.C.
§ 3006A(c), such matters do not include 'collateral attacks
upon a judgment' like that afforded by" Section 2255. Id.
(quoting Fleming, 5 F.4th at 193); see also 18 U.S.C.
§ 3006A(a)(2)(B) (stating that "representation may be
provided" for those "seeking relief under [Section 2255]" if
"justice so require[s]" (emphasis added)); United States v.

Doe, No. 01 Cr. 782, 2005 WL 167601, at *1 (S.D.N.Y. Jan. 25, 2005) (Lynch, J.) ("A prisoner has no constitutional right to the assistance of counsel in connection with petitions for post-conviction relief such as habeas corpus or § 2255 relief.").

"In assessing whether to appoint counsel for any indigent . . . litigant pursuant to § 3006A(a)(2)(B), the courts in this circuit consider factors such as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." Doe, 2005 WL 167601, at *1. "[C]ounsel should only be appointed where the applicant has made 'a threshold showing of some likelihood of merit.'" Id. (quoting Duran v. Reno, 193 F.3d 82, 84 (2d Cir. 1999), vacated as moot, 197 F.3d 63 (2d Cir. 1999)).

B.   SECTION 2255

Section 2255 allows a federal prisoner to attack his or her sentence upon the ground that the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack." 28 U.S.C. § 2255(a). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a Section 2255 motion before directing the Government to respond "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

The Supreme Court has held that under Section 2255, "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Hoskins, 905 F.3d 97, 102 (2d Cir. 2018) (internal quotation marks omitted) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1975)). Moreover, the Second Circuit has observed that Section 2255 review is "narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." Id. (quoting Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)). Accordingly, a defendant is generally "barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct

appeal." <u>United States v. Thorn</u>, 659 F.3d 227, 231 (2d Cir. 2011).[3]

## III. <u>DISCUSSION</u>

### A. <u>APPOINTMENT OF COUNSEL</u>

For the reasons below, <u>see</u> <u>infra</u> at III.B, the Court finds that Peña has not made "a threshold showing of some likelihood of merit" with respect to his Section 2255 motion. <u>Doe</u>, 2005 WL 167601, at *1 (quoting <u>Duran</u>, 193 F.3d at 84). Thus, the Court declines to appoint him counsel. Peña's motion for appointment of counsel is accordingly denied.

### B. <u>SECTION 2255</u>

Peña makes several arguments in support of his Section 2255 motion. First, he argues that he should have been resentenced following the vacatur of his convictions on Counts Seven and Eight because the Court's erroneous jury instructions infected his convictions on Counts Four, Five, and Six. Second, he contends that his trial lawyer's failure to challenge the jury instructions constituted ineffective

---

[3] The same logic applies to arguments that *were* raised on direct appeal and decided against the defendant. <u>See</u> <u>United States v. Natelli</u>, 553 F.2d 5, 7 (2d Cir. 1977) (per curiam) ([O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255."). Similarly, courts are generally precluded from considering Section 2255 claims that have been previously raised and adjudicated in prior Section 2255 proceedings. <u>See</u> <u>Peña</u>, 58 F.4th at 620 n.3; <u>Cabrera v. United States</u>, 972 F.2d 23, 25 (2d Cir. 1992).

assistance of counsel. Third, he argues that in light of the vacatur of his convictions on Counts Seven and Eight, the presentence investigation report ("PSR") prepared before he was sentenced in 2014 does not align with his current convictions and thus violates Federal Rule of Criminal Procedure 32. Fourth, Peña argues that his life sentence does not "comply with the letter of [his] criminal offense[s]." (Civ. Dkt. No. 3 at 9.) Finally, he contends that his life sentence is excessive and unreasonable.

The Court rejects all of Peña's arguments. His first contention is foreclosed by the Second Circuit's decision on his prior Section 2255 motion, in which the Circuit held that de novo resentencing was not mandatory and that the Court's erroneous jury instructions qualified as harmless error. See Peña, 58 F.4th at 618–23; cf. United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977) (per curiam) ([O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255."). His second contention is unavailing for the same reason: Assuming for the sake of argument that counsel's failure to challenge the erroneous jury instructions was objectively unreasonable, the Second Circuit's conclusion that the Court's error was harmless means that Peña cannot show "a reasonable probability that, but for counsel's

unprofessional error[], the result of the proceeding would have been different." <u>Thomas v. United States</u>, 93 F.4th 62, 65 (2d Cir. 2024) (quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 687–88 (1984)).[4]

Peña's third, fourth, and fifth arguments similarly lack merit. With respect to the third argument, there has been no violation of Federal Rule of Criminal Procedure 32; had the Court decided to resentence Peña following the vacatur of his convictions on Counts Seven and Eight, a new PSR reflecting the vacatur might have been required. But the Court declined to resentence Peña, and the Second Circuit affirmed that decision. <u>See</u> <u>Peña</u>, 58 F.4th at 618–23. And the Court rejects Peña's fourth and fifth arguments, which raise issues about his life sentences, because life imprisonment constituted the mandatory minimum sentence on each of Counts Four, Five, and Six. <u>See</u> <u>id.</u> (affirming the Court's amended judgment, entered after the Court found that Peña's remaining convictions each carried a mandatory term of life imprisonment). The Court thus had no discretion to impose any other sentence. <u>See</u> <u>id.</u> at 623 (stating that resentencing Peña would have been

---

[4] An additional ground for rejecting Peña's ineffective-assistance-of-counsel argument is that the Second Circuit held that any such argument by Peña was already raised and rejected in connection with Peña's first Section 2255 motion. <u>See</u> <u>Peña</u>, 58 F.4th at 620 & n.3; <u>accord</u> <u>Cabrera</u>, 972 at 25 (rejecting Section 2255 argument where movant "raised the issue . . . in his first 2255 motion and it was found to be without merit").

strictly ministerial and "an empty formality"). Peña's Section 2255 motion is therefore denied.

## IV.  <u>ORDER</u>

For the foregoing reasons, it is hereby

**ORDERED** that the motion (<u>see</u> No. 24 Civ. 1266, Dkt. Nos. 3, 6-8; <u>see</u> <u>also</u> No. 09 Cr. 341, Dkt. No. 477) filed by movant Jose Peña ("Peña") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is hereby **DENIED**; and it is further

**ORDERED** that the motion (<u>see</u> No. 24 Civ. 1266, Dkt. Nos. 4-5; <u>see</u> <u>also</u> No. 09 Cr. 341, Dkt. No. 478) filed by Peña for appointment of counsel is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Jose Peña, Register No. 90703-054, USP Coleman I, U.S. Penitentiary, P.O. Box 1033, Coleman, FL 33521.

**SO ORDERED.**

Dated:   14 May 2024
         New York, New York

_____
             Victor Marrero
                U.S.D.J.