```
                                          USDC SDNY
                                          DOCUMENT
                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT              DOC #:_____
SOUTHERN DISTRICT OF NEW YORK             DATE FILED: 7/10/2025
```

UNITED STATES OF AMERICA,

                             09 Cr. 0341 (VM)

          - against -

                             **DECISION AND ORDER**

JOSE PENA,

                  Defendant.

**VICTOR MARRERO, United States District Judge.**

    Before the Court is the *pro se* motion of defendant Jose Pena ("Pena") for a sentence reduction under 18 U.S.C. § 3582(c)(2) (See "Section 3582 Motion," Dkt. No. 488.) Pena's Section 3582 Motion is based on Amendment 821 to the United States Sentencing Guidelines ("Guidelines"), which took effect on November 1, 2023, and applies retroactively. In connection with his Section 3582 Motion, Pena moves for the appointment of counsel under 18 U.S.C. § 3006A ("Section 3006A"). (See Section 3582 Motion at 4.)

    The United States Probation Office ("Probation") issued a supplemental presentence report indicating that Pena is not eligible for a sentence reduction. ("Supplemental PSR," Dkt. No. 489.)

    After considering the record in this case and Pena's submissions, the Court agrees that Pena is precluded from receiving a sentence reduction under Section 3582.

1

## I. BACKGROUND

On October 29, 2013, Pena was found guilty by a jury verdict of the following criminal offenses: (1) conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958 ("Count Four"); (2) murder for hire, in violation of 18 U.S.C. § 1958 and 2 ("Count Five and Six"), and (3) murder through use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(j) and 2 ("Count Seven and Eight"). (See Dkt. Minute Entry for Oct. 29, 2013.) Counts Four, Five, Six, Seven, and Eight each carried a mandatory minimum sentence of life imprisonment. (See Supplemental PSR at 2.)

On December 19, 2014, this Court sentenced Pena to life imprisonment on each count, to run concurrently. (See Dkt. Minute Entry for Dec. 19, 2014; Dkt. No. 315.)

## II. SECTION 3582 MOTION

### A. LEGAL STANDARD

When presented with a motion to reduce a sentence pursuant to Section 3582, the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1); see also Dillion v. United States,

2

560 U.S. 817, 827 (2010) ("[Section] 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.").

If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in Guidelines Section 1B1.10. United States v. Martin, 974 F.3d 124, 136 (2d Cir. 2020) (citing 18 U.S.C. § 3482(c)(2); alterations and quotation marks omitted).

Amendment 821, which applies retroactively, contains two provisions authorizing potential relief. First, Part A struck Guidelines Section 4A1.1(d) that added two criminal history points, commonly referred to as "status points," for defendants who committed their offense while subject to a criminal justice sentence. See U.S.S.G. § 4A1.1(e); United States v. Ewing, 14 Crim. 604, 2024 WL 1250685, at *1 (S.D.N.Y. Mar. 21, 2024). The Amendment now decreases status points by one point for defendants with seven or more criminal history points and eliminates them altogether for defendants with criminal history points of six or fewer. See U.S.S.G. § 4A1.1(e).

3

Second, Part B, Subpart 1, created a new provision, Section 4C1.1, which authorizes a two-level downward adjustment in offense level for certain offenders who present zero criminal history points – i.e. first-time offenders – and who are not subject to any of the exclusionary criteria listed in Section 4C1.1(a). See U.S.S.G. § 4C1.1; Ewing, 2024 WL 1250685, at *1.

"[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) [if] . . . [Amendment 821] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of a . . . statutory mandatory minimum of imprisonment." U.S.S.G. § 1B1.10, Application Note(1)(A).

### B. AMENDMENT 821 DISCUSSION

At sentencing, Pena had eight criminal history points, all for prior convictions pursuant to Section 4A.1.(a)-(c). None of Pena's criminal history points were pursuant to the now-stricken Section 4A1.1(d) enhancement provision. Accordingly, Pena is not entitled to a criminal history points reduction under Amendment 821. Even if Pena was entitled to a point reduction, he would not be eligible for a reduced sentence under Section 3582 because Pena was sentenced

pursuant to the statutory minimum. See U.S.S.G. § 1B1.10, Application Note(1)(A). (See Supplemental PSR at 2.)

Accordingly, Pena's Section 3582 Motion is **DENIED**.

### III. MOTION FOR THE APPOINTMENT OF COUNSEL

Pena also moves for appointment of counsel pursuant to 18 U.S.C. § 3006A, which provides that a defendant "for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to proceedings." 18 U.S.C. § 3006A(c). (See Dkt. No. 488 at 4.) "[A] defendant does not have a right to counsel under the Sixth Amendment in a § 3582(c)(2) proceeding because that right 'extends only through the defendant's first appeal.'" United States v. Myers, 524 F. App'x 758, 759 (2d Cir. 2013) (quoting United States v. Reddick, 53 F.3d 462, 464 (2d Cir. 1995)). Furthermore, "the reference to ancillary matters in § 3006A does not require the [appointment of] counsel in post-appeal motions for reduction of sentence seeking the benefit of subsequent changes in the Guidelines." Reddick, 53 F.3d at 465. Whether to appoint counsel for such motions "rest[s] in the discretion of the district court." Id. Finally, "the merits of a [Section] 3582(c)(2) motion will be a 'significant factor in the exercise of the district court's discretion' in

5

determining whether to appoint counsel." Meyers, 524 F. App'x at 759 (alteration and quotation omitted).

As explained above in Section II.A., Pena is clearly precluded from a sentence reduction under Section 3582. Hence, because the appointment of counsel will not affect the outcome of Pena's Section 3582 Motion, Pena's Motion for Counsel is **DENIED**.

## IV. ORDER

Accordingly, it is hereby

**ORDERED** that the Motion of defendant Jose Pena ("Pena") for a sentence reduction under 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines (Dkt. No. 488) is **DENIED** as the Court finds that Pena is ineligible to be granted such relief. It is further

**ORDERED** that Pena's motion for appointment of counsel under 18 U.S.C. § 3006A (Dkt. No. 488) is **DENIED.**

**SO ORDERED.**

Dated:    10 July 2025
         New York, New York

_____
         Victor Marrero
         U.S.D.J.